UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Polansky

    v.                                                              Civil No. 13-cv-458-JL

New Hampshire Department
of Corrections et al.[1]

**REPORT AND RECOMMENDATION**

     Christopher Polansky, a former New Hampshire State Prison ("NHSP") inmate currently on parole, has sued: the New Hampshire Department of Corrections ("DOC"); DOC Commissioner William Wrenn; NHSP Warden Richard Gerry; a number of NHSP health care providers; and several NHSP officers and employees, claiming that they are liable to him for violating his federal constitutional rights and for torts perpetrated while he was at the NHSP. Before the court is Polansky's motion for a preliminary injunction (doc. no. 7), and his addendum to that

---

[1] In addition to the New Hampshire Department of Corrections ("DOC") and DOC Commissioner William Wrenn, plaintiff names the following defendants in their individual and official capacities: New Hampshire State Prison Warden Richard Gerry; NHSP Maj. John Fouts; Jeff Fetter, M.D.; Celia Englander, M.D.; John Eppolito, M.D.; Director of Rehabilitative Services Bernadette Campbell; NHSP Director of Medical Services Helen Hanks; Cindi Chapman, RN; Nurse Practitioner Lisa Savage; Nurse Practitioner Corrina Niccolai; Nurse Nancy Clayman; Nurse Daniel Cournoyer; Nurse Heidi Rule; NHSP Corrections Officer Steven Isabelle; and Nurse Priscilla Dodge.

motion (doc. no. 11).[2]  The district judge has referred the motion (doc. no. 7) to the magistrate judge for issuance of proposed findings of fact and a recommendation as to its disposition.  See Order (doc. no. 12).

## Background

Polansky was a NHSP inmate when he filed the complaint, but he has since been released.  He obtained medical parole in September 2013, and moved to the Glencliff Home on October 29, 2013.  The Glencliff Home is a state-owned and operated long term care facility, which is not part of the prison system.

## Discussion

To obtain a preliminary injunction, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The burden of proof on a motion for preliminary injunction is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

---

[2]In a prior order (doc. no. 13), this court granted Polansky's motion (doc. no. 11) seeking to add an exhibit in support of his preliminary injunction motion.

In support of his motion for a preliminary injunction, Polansky claims that inmates at the NHSP receive outdated, unhealthy food, and do not receive sufficient healthy food. Polansky seeks an order prohibiting the NHSP "from serving expired, out-of-date, and/or tainted food," and requiring DOC Commissioner Wrenn "to raise the food budget so the prisoners/staff are allowed to eat healthy, fresh, adequate, appropriate, untainted, unexpired and proper nutritious food."

Polansky's motion should be denied because Polansky is no longer an NHSP inmate. He lives and receives meals at the Glencliff Home, a facility neither owned, nor operated, by the NHSP or the DOC. Polansky has not shown that there is any substantial likelihood that he will return to the NHSP and again receive NHSP food. Polansky's parole and release to the Glencliff Home has thus mooted his claims for prospective injunctive relief. See Nasious v. Colorado, 495 F. App'x 899, 903 (10th Cir. 2012) ("'hypothetical possibility that [the plaintiff], a former inmate on supervised release, will violate the terms of that supervised release and be returned to the same prison and same conditions of confinement cannot save an otherwise moot claim for prospective injunctive relief relating to prison conditions'" (citation omitted)). The motion for a preliminary injunction should therefore be denied.

3

**Conclusion**

For the reasons set forth above, the district judge should deny the motion for a preliminary injunction (doc. no. 7). Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                    _____
                    Landya McCafferty
                    United States Magistrate Judge

November 13, 2013

cc: Christopher Polansky, pro se

LBM:nmd